

IN THE UNITED STATES DISTRICT COURT
FOR THE **SOUTHERN** DISTRICT OF **FLORIDA**
**MIAMI** DIVISION

*(Write the District and Division, if any, of the
court in which the complaint is filed.)*

## AMENDED COMPLAINT

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. **2:16-cv-14500-DMM**

*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes   ☐ No
*(check one)*

---

**TERRY EUGENE SEARS**
**# B-08317**

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

   -against-

**D.D. THOMAS , et al.,
"... SEE Attached "**

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

FILED by _____ D.C.

FEB 07 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name     TERRY EUGENE SEARS

   All other names by which you have been known:

   ID Number    # B-03347

   Current Institution   Charlotte Correctional Institution

   Address    33123 Oil Well Road
   Punta Gorda, FL 33955

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1

   Name    D.D. Thomas

   Job or Title (if known)    Captain

   Shield Number    06

   Employer    Okeechobee Correctional Institution

   Address    3420 N.E. 168th Street
   Okeechobee, FL 34972

   ☑ Individual capacity     ☑ Official capacity

   Defendant No. 2

   Name    A. Villalpanda

2

Case 2:16-cv-14500-DMM   Document 14   Entered on FLSD Docket 02/07/2017   Page 3 of 13

Job or Title
(if known) _____ SERGEANT _____

Shield Number _____ 009 _____

Employer _____ OKEECHOBEE CORRECTIONAL INSTITUTION _____

Address _____ 3420 N.E. 168th Street _____
_____ OKEECHOBEE, FL 34972 _____

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name _____ T. M. BROWN _____

Job or Title _____ SERGEANT _____
(if known)

Shield Number _____ 14 _____

Employer _____ OKEECHOBEE CORRECTIONAL INSTITUTION _____

Address _____ 3420 N.E. 168th Street _____
_____ OKEECHOBEE, FL 34972 _____

☑ Individual capacity ☑ Official capacity

Defendant No. 4

Name _____ (FNU) QUINONES _____

Job or Title _____ OFFICER _____
(if known)

Shield Number _____

Employer _____ OKEECHOBEE CORRECTIONAL INSTITUTION _____

Address _____ 3420 N.E. 168th Street _____
_____ OKEECHOBEE, FL 34972 _____

☑ Individual capacity ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

    ☐    Federal officials (a *Bivens* claim)

    ☐    State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    First Amendment ; Eighth Amendment ; Fourteenth Amendment ; 28 U.S.C. § 241 ; 28 U.S.C. § 1519 ; And 42 U.S.C. § 1985(2), (3) ; 42 U.S.C. § 1986.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

    N/A

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    * Additional Attachment

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

    ☐    Pretrial detainee

    ☐    Civilly committed detainee

    ☐    Immigration detainee

# ADDITIONAL ATTACHMENT

## I. The Parties to this Complaint

### B. The Defendant(s):

Defendant No. 5

Name  D. Rembert
Job or Title  Sergeant
Shield Number  016
Employer  Okeechobee Correctional Inst.
Address  3420 N.E. 168th Street
Okeechobee, FL 34972

☑ Individual Capacity     ☑ Official Capacity

# ADDITIONAL ATTACHMENT

## II. Basis for Jurisdiction

D. Section 1983 Allows defendants to be found liable only when they have acted " under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory or the District of Columbia."

Generally, A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. People who work in a state or municipal prison, or perform required services for their prisoners, under private contract generally act under color of state law.

As a general rule, A professional employed by the state to fulfill the state's constitutional obligations acts under color of state law."

The defendants named in this complaint are all prison officials who exercised official power in their roles with the plaintiff, and the constitutional law was clearly established at the time of the incidents.

Therefore, color of law is rarely an issue in prison cases...

*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami   Division

TERRY E. SEARS,
          Plaintiff,

          vs.                                    CASE No. 2:16-cv-14500-DMM

D.D. THOMAS, et al.,
          Defendants,

## CIVIL RIGHTS COMPLAINT

Plaintiff, TERRY SEARS, pro se, files this civil rights complaint pursuant to 42 U.S.C. §1983 and hereby sues the above-named Defendants in their official and individual capacity in violation of Plaintiff's First, Eighth, and Fourteenth Amendment rights, and in support thereof states the following:

## JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION PURSUANT TO 42 U.S.C. §1983.

Case 2:16-cv-14500-DMM    Document 11    Entered on FLSD Docket 02/07/2017    Page 9 of 35

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

<div align="center">N/A</div>

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

<div align="center">** Additional Attachment</div>

_____

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

<div align="center">** Additional Attachment</div>

_____

_____

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

<div align="center">** Additional Attachment</div>

_____

_____

_____

_____

_____

_____

**V.   Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

[ I had a bruised left eye; broken glasses; severely bruised ribs; and sprained Rotary cups in my shoulders: I never received prescribed medi-cation from Dr. J. Nichols ].

**VI.   Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

WHEREFORE, Plaintiff prays the Court apply all appropriate Federal Rules of Civil Procedures, Federal Statutes, and Constitutional Law for him to obtain compensatory and punitive damages from each named De-fendant(s) in his/her official and individual capacity as stated in this complaint: and service expenses, filing fees, mailing expenses, (See: ** Add. Attachment)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

# ADDITIONAL ATTACHMENT

## IV. STATEMENT OF CLAIM

1. On June 24, 2015, I [Terry Sears] was transferred to Okeechobee Correctional Institution from Desoto Correctional Institution (Annex) as a result of filing an injunction against Supervisory Officials for hiring inmates to obstruct and interfere with the administration of justice in Federal Court.

2. On July 21, 2015, I was released from disciplinary confinement and assigned to E-dormitory [E3207L] and noticed how several inmates began to stalk me and constantly walk by my room staring at me as I prepared legal documents in my assigned room.

3. In a matter of days, this conduct grew worst and several "unknown" inmates would stand directly in front of my room staring at me or talking loud to other inmates.

4. On July 28, 2015, I informed Captain Coleman and Colonel Anderson, and they argued no supervisory official was instructing and orchestrating inmates to do nothing to me.

5. Through due diligence, I discovered that Supervisory Officials at Okeechobee Correctional Institution was instructing the inmates in E3-wing to harass, impede, frustrate, obstruct, and interfere with my communication and right of access to the court in Case No. 8:12-cv-00288-VMC.

6. Prison Officials was supplying certain inmates with contraband, to wit: tobacco products, synthetic marijuana, and cell-phones for their services.

7. On August 7, 2015, at 8:40 am, I mailed a grievance to Attorney General, Pamela Jo Bondi concerning a conspiratorial plot/plan devised by Supervisory Officials who are conspiring together to obstruct justice in Federal Court.

# ADDITIONAL ATTACHMENT

8. On August 7, 2015, at 12:55 pm, I was arbitrarily arrested by Sergeant A. Villalpanda as I was heading to the law library to meet a legal deadline. I informed Sergeant Villalpanda that I was not going to lunch but to the law library, and Sergeant Villalpanda stated, " you are going to confinement." She placed handcuffs on me and waited for Captain D. Thomas.

9. Captain Thomas escorted me to the Captain's Office and unlocked the door and entered the office, I followed him inside and he turned around unexpectedly and shoved me into the closed door and caused me to bang my head on the door. He yelled, " don't ever follow me in no fucking office."

10. Then he escorted me outside of the Captain's Office and shoved me into the plexiglass window. I argued and complained about him assaulting me while handcuffed, and Captain Thomas said, "you better be glad you're in handcuffs." And I told him, " you better be glad I'm in handcuffs!"

11. Sergeant A. Villalpanda and Captain D. Thomas utilized a modified "take-down" technique by placing their arms under my arms and lifting upward causing severe pain to my shoulders. I was complaining and using obscenities about being abused and mistreated while restrained.

12. I was escorted to the Medical Building in this modified "take-down" technique and I complained to Nurse Sapp about my injuries as she conducted the pre-confinement examination. And Captain D. Thomas began yelling at her as she examined my person, my vital signs, and minor scratches.

## ADDITIONAL ATTACHMENT

13. Captain Thomas and Sergeant Villalpanda was threatening me and calling me "nigger..." I was being jerked and snatched back and forth, and Captain Thomas and Sergeant Villalpanda continued using vulgar obscenities and racial overtones and I responded in like manner.

14. We exited the Medical Building through the rear exit and walked along the back road away from other inmates and any cameras.

15. As we approached the Confinement Unit in B-dormitory, Captain Thomas vowed, "I will be dealt with..." And Sergeant A. Villalpanda found humor in asking me, "Am I a N-i-g-g-a or a N-i-g-g-e-r?"

16. I told Captain Thomas Florida Department of Corrections is full of punks like him and I sue their asses every chance I get! When I entered the fenced area of B-dormitory, Captain Thomas punched me in the face and broke my eye-glasses. I ran to avoid other punches but Captain Thomas caught me and slammed me to the ground and started kicking me.

17. I began yelling as loud as I could and Captain Thomas kicked me in my side, twice... I tried to get up but Captain Thomas penned me down with his knee on the back of my neck.

18. Inmates housed in the Confinement Unit [B2-wing] began yelling loudly out the windows and was banging on the windows, bunks, and doors for approximately fifteen (15) minutes and possibly discouraged more official misconduct and inmate abuse.

3

# ADDITIONAL ATTACHMENT

19. SERGEANT A. Villalpanda stood by and watched and called for assistance and jumped on the CENTER of my back and arms with both knees to cause harm and inflict pain.

20. When other officers arrived, they began to assault me while I was already subdued and restrained...

Captain D. Thomas ordered the officer with the videocamera not to start the videocamera.

21. I [TERRY SEARS] was physically assaulted by a supervisory official for thirteen (13) minutes while restrained in handcuffs. And Sergeant A. Villalpanda stood by and watched as I was punched and being kicked and penned-down in mud.

22. I was escorted into the Confinement Unit, and the officer began videotaping the post use of force examination being done by Nurse Sapp. I complained about the physical abuse and official misconduct and told the nurse my left eye is aching because Captain D. Thomas punched me in the face and broke my glasses. "my broken glasses and muddy clothing... was seen".

23. I observed Captain Thomas manipulating the videocamera and instructing the officer in justifying the delay and lack of footage of the use of force incident.

24. On August 7, 2015, at 8:30pm, I submitted a sick-call request to the Medical Department and I was not seen.

25. On August 9, 2015, I wrote a Inmate Request for Mental Health Services and my Inmate Request was not responded too.

## ADDITIONAL ATTACHMENT

26. On August 10, 2015, Nurse Torres came to Administrative Confinement to see me and he brought Analglesic Balm and Ibuprofen. " I specifically informed Medical via sick-call request and Nurse Torres that my ribs may be fractured or severely bruised and I am experiencing a lot of pain?"

It hurts when I lay down, sit up, sneeze, cough, and inhale, and I would like to see the doctor and have X-rays taken...

27. On August 12, 2015, I submitted another sick-call request and I was not seen by no Medical Staff concerning this serious medical problem.

28. On August 13, 2015, I went to the Disciplinary Hearing for 1-4 Disrespect to Officials and 6-1 Disobeying Verbal Order and was found guilty and placed in Disciplinary Confinement for fifty-four (54) days.

29. On August 13, 2015, at 3:00pm, I submitted another Inmate Request to the Mental Health Department and informed them that I am experiencing acute and severe depression, anxiety, fear, paranoia, and stress. " I never received a response from Mental Health Department."

30. On August 15, 2015, I filed a Formal Grievance concerning denial of Medical Treatment and Care for my serious medical problem.

31. On August 24, 2015, my Inmate Request was returned to me stating, " You will be called out for interview August 21, 2015..." No one from Mental Health came to interview me on that date. I initiated the grievance procedures.

32. On September 3, 2015, I went to the Medical Department for the first time regarding my injuries and was seen and examined by Doctor J. Nichols.

I informed Dr. Nichols of the incident and explained in detail how I was punched in the face, slammed to the ground, and kicked in my side, twice, by Captain D. Thomas, And prison officials are systematically denying me prompt and adequate medical treatment and care.

5

## ADDITIONAL ATTACHMENT

33. I told Doctor J. Nichols my ribs may be fractured and Ibuprofen is not stopping the constant pain. "I NEED X-RAYS TAKEN TO BE CERTAIN AND Doctor Nichols ARGUED, X-RAYS is out of the question BECAUSE I don't wanna EXPOSE you to RADIATION." And he wrote a prescription for METHYLPREDNISOLONE.

34. On September 11, 2015, the 6-1 Disobeying Verbal Order disciplinary REPORT WAS OVERTURNED AND I WAS RELEASED from Disciplinary Confinement.

35. On September 11, 2015, at 3:50 PM, while still inside the corridor of the Confinement Unit, I requested to be placed in "**PROTECTIVE MANAGEMENT**" because I am in fear of being killed by Captain D. Thomas and Sergeant A. Villalpanda. "I REQUESTED TO SEE the shift SUPERVISOR but my REQUEST WAS denied."

36. Sergeant J. Mericle told me that, "I could not REQUEST PROTECTION from staff members..." And he gave me a verbal order to exit the dormitory and I insisted on being placed on PROTECTIVE-MANAGEMENT status. By ARGUING, "I AM in FEAR of being killed by these officials."

37. I was placed in Administrative Confinement, ROOM [B1202] AND dis- covered that Captain D. Thomas WAS the shift SUPERVISOR and he AUTHORIZED for SERGEANT J. MERICLE to file A 6-1 Disobeying Verbal Order disciplinary REPORT AGAINST ME.

38. On September 17, 2015, I went to the Disciplinary Hearing for the 6-1 Dis- obeying Verbal Order disciplinary REPORT And Captain D. Thomas was a TEAM MEMBER. He READ the Statement of Facts and I entered a not guilty plea And Captain Thomas READ my sworn statement. "Clearly, I requested protective-management status because I am in fear of being killed by Captain D. Thomas and Sergeant A. Villalpanda." At this time, Captain Thomas decides to RECUSE himself from the Disciplinary Hearing.

## ADDITIONAL ATTACHMENT

39. Captain D. Thomas called Captain J. Lankford to sit on the TEAM and after talking to him, in private for five (5) minutes, I was found guilty and placed in Disciplinary Confinement for twenty-four (24) days.

40. On September 28, 2015, I filed a motion for Preliminary Injunction and Temporary Restraining Order in the U.S. District Court, Middle District against Supervisory Officials at Okeechobee C.I. for instructing and orchestrating inmates to obstruct and interfere with my communication and right of access to the courts. I served copies to the named prison official and this injunction caused a wave of retaliation.

41. On October 6, 2015, I was released from Disciplinary Confinement and assigned to E-dormitory [E2107L] per Captain Coleman.

42. In August, 2015, I submitted a Religious Property form to the Chaplaincy to obtain a chain and crucifix from a private vendor. And Sergeant D. Rembert authorized this property and mailed it to the company.

43. On November 18, 2015, at 7:30 am, Sergeant Collie came and search my personal property and seized five (5) personal letters from Moonlite Productions and departed.

44. On November 18, 2015, at 3:30 pm, I was called to the Captain's office and served a copy of a disciplinary report for 9-4 Attempt to Conspire. Sergeant D. Rembert displayed the jewelry to me and argued, "I cannot receive this chain and crucifix because Moonlite Productions is not a jewelry store, and it will be returned to the company at my expense."

45. On November 24, 2015, at 11:15 am, I went to the Disciplinary Hearing and argued I obtained authorization to order Religious Property, and I provided a copy of the "Religious Property form" and a receipt of my "Special Withdrawal form" showing funds was deducted from my Inmate Account and sent

7

## ADDITIONAL ATTACHMENT

to Moonlite Productions for the gifts and items ordered.

46. Team member: Lieutenant J. Harris refused to call Property Room Sergeant as a live-witness... Nor was Mrs. Alexis Grace and Ms. Lexi Moon called or interviewed as witnesses on my behalf.

47. Lieutenant Harris argued, "Personal letters was found in my locker telling Lexi Moon to buy the jewelry and send it to you..." I explained that we was simply communicating and discussing the particular style of Anchor Mariner Cross and the prices. I was found guilty based on the letters seized from my locker and placed in Disciplinary Confinement for thirty (30) days.

48. On December 21, 2015, I was released from Disciplinary Confinement and housed alone in F-dormitory [F2218L].

49. On or about January 3, 2016, I filed grievances on Internal Security for intentionally failing to call F-dormitory for canteen. Sergeant T. M. Brown is often assigned to Internal Security...

50. On January 13, 2016, at 1:35 pm, I was arbitrarily arrested by Sergeant, T. M. Brown for exiting the Eastside of the compound and heading to the Westside. "I was placed in handcuffs and assistance was called..."

51. Captain D. Thomas and Officer Quinones responded and Captain Thomas sought to utilized his modified "take-down" technique on me to inflict pain. Captain Thomas and Officer Quinones hooked their arms under my arms and they both lift-upward and causes excruciating pain to my shoulders.

52. "I was bent-over, halfway, and was yelling for them to stop; and they tried to break my arm or dislocate my shoulders by lifting-upward, even higher, until I was flipped over to the pavement."

53. Captain Thomas excitedly proclaimed, "it works better when two men does it!" And I was yelling and complaining and trying to avoid facial contact with the sidewalk.

## ADDITIONAL ATTACHMENT

54. Sergeant T.M. Brown stood by and watched with a grimaced smile on her face. I was threatened and mocked, and told to write this in a grievance!

"Sergeant Brown and Captain Thomas readjusted the handcuffs and squeezed them, tighter, on my wrists..."

55. I continued to yell and use profanity as I was being dragged toward Centergate and Sergeant T.M. Brown began pulling my arm to cause the handcuffs to cut into the skin around my wrist and she was also lifting my arms upward, to cause harm and inflict more pain.

56. At this time, I'm crying and telling Captain Thomas to break my arm racist motherfucker.

57. I was practically dragged in this devised "modified technique" for approximately sixty-five (65) square meters. [from the entrance to F-dormitory to the entrance of the Medical Building] and I was exposed to such inmate-abuse for twenty-three (23) minutes.

58. As we approached Centergate, my pants and underware is sliding down around my thighs: my penis and buttocks is completely exposed and the named prison officials continued to inflict pain to my person with this modified "take-down" technique while I was already restrained in handcuffs.

My arms and hands are completely numb, and I'm yelling about my pants being down... Captain Thomas stated, " you like showing your ass! "

59. When we arrived at the Medical Building, Officer Quinones pulled up my pants and escorted me to the Nurse." I informed the nurse that I need to see the doctor because I cannot feel my hands and my shoulders may be dislocated.

60. Several other officers came and interrupted the nurse, and escorted me to Administrative confinement. " I complained about my aching shoulders and requested to see the doctor..."

9

## ADDITIONAL ATTACHMENT

61. No videocamera was even called or used to videotape and document the use of force incident...

62. On January 13, 2016, at 2:25 pm, I declared a medical emergency and a psycho-logical emergency to Confinement Unit Personnel, Sergeant Thomas, and was denied any medical treatment and care. Sergeant Thomas is related to Captain D. Thomas.

63. On January 14, 2016, at 12:45 pm, four(4) disciplinary reports was filed against me and delivered. Sergeant, T. M. Brown wrote two(2): [6-1 Disobeying Verbal Order and 1-3 Spoken Threats] and Captain D. Thomas wrote two(2): [9-17 Disorderly Conduct and Spoken Threats].

64. On January 21, 2016, at 10:40am, I went to the Disciplinary Hearing and argued Sergeant T. M. Brown and Captain D. Thomas is retaliating against me for filing grievances, excessive use of force complaints, and the injunction. The Disciplinary Team failed to call my witnesses: [Inmate, Glenn Semento and Trinity Canteen Manager]. I was found guilty based on Sergeant Brown and Captain Thomas's statements and placed in Disciplinary Confinement for one-hundred and twenty (120) days.

65. On or about January 23, 2016, I went to see the Nurse for Sick-Call and was finally scheduled to see the doctor as a result of the use of force.

66. On January 25, 2016, I was examined by Doctor J. Nichols who diagnosed my injury as: ["bruised ribs and sprained rotary cups in my shoulders"].

67. On January 27, 2016, I was transferred to Hardee Correctional Institution prior to receiving any medication ordered and prescribed by Doctor J. Nichols for my injuries.

## ADDITIONAL ATTACHMENT

68. On January 27, 2016, while being transferred from the confinement unit, Property Room Personnel, Sergeant D. Rembert was returning stored personal property and legal materials, and I discovered all my personal clothing was missing or stolen: [One set of Long johns (2X), One set of light-blue pajamas (3X), One pair of Navy Blue shorts (5X), Four (4) New Player Tee-shirts (3X), Six (6) socks, One (1) Head & Shoulders Shampoo, Two (2) packs of AA-batteries (Energizers), One (1) 4-pack of AAA-batteries (ion), Two (2) Baby Powders, and approximately $65.00 in perishable canteen items].

69. Supervisory Officials at Okeechobee Correctional Institution knew of the numerous complaints of inmate abuse and excessive use of force incidents and denial of prompt and adequate medical treatment and they intention-ally and maliciously failed to intervene and acquiesced in their occurrences.

The numerous Internal Investigations by the Inspector General's Office concerning complaints of inmate abuse and excessive use of force incidents and denial of prompt medical care placed supervisory Officials on notice.

70. In August, 2015, I was interviewed by Inspector Hernandez of the Inspector General's Office and he took a sworn "tape-recorded" statement from me at Okeechobee C.I. and I never received notice of disposition of the investigation.

71. A history of widespread abuse puts responsible supervisors on notice of the need to train, to control, and to correct the alleged constitutional deprivations and they intentionally failed to do so.

The numerous complaints to Supervisory Officials concerning inmate abuse and excessive use of force was enough to put them on notice of any official misconduct that was sufficiently obvious, flagrant, rampant, and of continued duration to require them to act reasonably and responsibly.

## ADDITIONAL ATTACHMENT

92. The Supervisory Officials at Okeechobee Correctional Institution has developed and employed a practice or custom where prison officials physically assault inmates while incapacitated and systematically denied them prompt and adequate medical treatment to conceal inmate abuse and official wrongdoing. And these adverse acts and omissions have caused plaintiff psychological and emotional trauma and mental duress.

73. Furthermore, these practices or customs has violated clearly established constitutional rights and has placed [Plaintiff] at risk of unprovoked assault and bodily harm and has deprived me of my personal property by prison officials acting under color of state law.

**WHEREFORE**, I am demanding a jury trial and I am seeking compensatory and punitive damages from each named Defendant in his/her official and individual capacity for their roles in the constitutional violations. Plaintiff request for U.S. Marshals to effectuate service of process.

/D/ 1-25-17.

/S/ Terry E. Sears
Terry Sears  B-08317
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, FL 33955

# ADDITIONAL ATTACHMENT

## IV. Claims

1. Plaintiffs First Amendment rights was intentionally violated when he was denied his right to freedom of speech when he was systematically retaliated against and punished for filing grievances and an injunction.

2. Plaintiffs First Amendment rights was intentionally violated when he was denied his right to freedom of speech when supervisory officials retaliated against him and seized personal letters from a private vendor discussing the purchase of religious property [chain & crucifix] out of his locker and punished him for it by placing him in disciplinary confinement and returning the religious property back to the company.

3. Plaintiffs First Amendment rights was intentionally violated when he was denied his right to petition the government for redress of grievance when he was systematically retaliated against and punished for filing grievances and an injunction against supervisory officials.

4. Plaintiffs First Amendment rights was intentionally violated when he was denied his right to access the court when he was systematically retaliated against and punished for filing grievances and an injunction against supervisory officials.

5. Plaintiffs First Amendment rights was intentionally violated when he was denied his right to free exercise of religion when prison officials systematically deprived him of religious property.

6. Plaintiffs religious freedom rights was intentionally violated under the Religious Land Use and Institutionalized Person Act when prison officials places a substantial burden on his religious exercise by denying him the right to obtain religious property.

1

# ADDITIONAL ATTACHMENT

7. Plaintiff's First Amendment rights was intentionally violated when he was denied the right to be free of retaliation for exercising his right of freedom of speech.

8. Plaintiff's First Amendment Rights was intentionally violated when he was denied the right to be free of retaliation when he was systematically retaliated against and punished for filing grievances and an injunction against Supervisory Officials.

9. Plaintiff's Eighth Amendment rights was intentionally violated under the Cruel and Unusual Punishments Clause when prison officials applied unnecessary and wanton infliction of pain upon plaintiff when he was physically assaulted by a Supervisory Official while restrained in handcuffs.

10. Plaintiff's Eighth Amendment rights was intentionally violated under the Cruel and Unusual Punishments Clause and the Contemporary Standards of Decency Clause when he was maliciously and sadistically physically assaulted by a Supervisory Official while restrained in handcuffs for thirteen (13) minutes.

11. Plaintiff's Eighth Amendment rights was intentionally violated under the Cruel and Unusual Punishments Clause and the Contemporary Standards of Decency Clause when he was maliciously and sadistically physically assaulted a second-time by the same Supervisory Official and his subordinates while restrained in handcuffs for twenty-three (23) minutes.

12. Plaintiff's Eighth Amendment Rights was intentionally violated under the Cruel and Unusual Punishments Clause and the Deliberate Indifference Clause when Supervisory Officials failed to take reasonable steps to protect him from assault by another Supervisory Official.

13. Plaintiff's Eighth Amendment Rights was intentionally violated under the Cruel and Unusual Punishments Clause when prison officials exposed him to psychological and emotional trauma and mental duress.

## ADDITIONAL ATTACHMENT

14. Plaintiff's Eighth Amendment rights was intentionally violated under the Deliberate Indifference Clause when Supervisory Officials displayed a callous and reckless disregard for his health and safety.

15. Plaintiff's Eighth Amendment rights was intentionally violated under the Deliberate Indifference Clause when plaintiff is incarcerated under conditions posing a substantial risk of serious harm to his health and safety.

16. Plaintiff's Eighth Amendment rights was intentionally violated under the Deliberate Indifference Clause when Supervisory Officials failed to train, to control, and to supervise their subordinates and correct egregious wrongs after learning of the violations.

17. Plaintiff's Fourteenth Amendment rights was intentionally violated under the Due Process Clause when he was denied procedural and substantive due process of law when the Disciplinary Team failed to call all of his evidence and witnesses at the hearing.

18. Plaintiff's Fourteenth Amendment rights was intentionally violated under the Due Process Clause when he was denied procedural and substantive due process of law when prison officials refused to call a live-witness to provide live testimony at the hearing.

19. Plaintiff's Fourteenth Amendment rights was intentionally violated under the Due Process Clause when prison officials created a property interest by arbitrarily allowing his personal property to be stolen or misplaced and compelled him to sign property receipts as he was being transferred to another institution.

20. Plaintiff's Fourteenth Amendment rights was intentionally violated under the Due Process Clause and the Equal Protection Clause when Supervisory Officials conspired together, acted in agreement, and reached an understanding to violate plaintiff's constitutional rights.

3

## ADDITIONAL ATTACHMENT

## VI. RELIEF

court costs, and attorney fees be charged to the Defendants.

1. D.D. Thomas compensatory damages #250,000.00; punitive damages #320,000.00.

2. A. Villalpanda compensatory damages #190,000.00; punitive damages #216,000.00.

3. T. M. Brown compensatory damages #152,000.00; punitive damages #265,000.00.

4. (FNU) Quinones compensatory damages #85,000.00; punitive damages #165,000.00.

5. D. Rembert compensatory damages #60,000.00; punitive damages #115,000.00.

/S/ Terry Sears

TERRY SEARS #B-08367
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, FL 33955

Δ

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_OKEECHOBEE CORRECTIONAL INSTITUTION_

_____

_____

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑   Yes

☐   No

☐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑   Yes

☐   No

☐   Do not know

If yes, which claim(s)?

_Retaliation, Excessive Force, Conspiracy, Denial of Due Process Denial of Medical Treatment, and Denial of Mental Health Treatment, and Denial of Religious Freedom._

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑   Yes

☐   No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes

☐   No

E.   If you did file a grievance:

    1.   Where did you file the grievance?

          *N/A*

    2.   What did you claim in your grievance?

          *N/A*

    3.   What was the result, if any?

          *N/A*

    4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

          *N/A*

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   _____ N/A _____
   _____
   _____
   _____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____ N/A _____
   _____
   _____
   _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   Attached to this complaint were the grievances filed related to the exhaustion of the administrative Remedies.

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

   ☐   Yes

   ☑   No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑  Yes

☐  No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)  TERRY EUGENE SEARS
    Defendant(s)  State of Florida, SECRETARY Florida Dept of Corrections.

2.  Court *(if federal court, name the district; if state court, name the county and State)* Miami-Dade And Leon
    11th Judicial Circuit, 2nd Judicial Circuit

3.  Docket or index number  12-14913-FF ;
    94-36436; 06-cv-172; 07-CA-300; 07-cv-10692; 08-AA-35.

4.  Name of Judge assigned to your case
    Thomas M. Carney, Manuel Crespo, Terry P. Lewis, N/A.

5.  Approximate date of filing lawsuit
    10-25-94; 1-3-05; 1-29-07; 6-11-06; 7-22-14; N/A.

6.  Is the case still pending?

    ☐  Yes

    ☑  No

    If no, give the approximate date of disposition.  3-12-97; 6-18-06; 6-3-08; N/A; N/A.

10

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Found Guilty, Untimely Appeal, Denied, Failed to State Claim, N/A.

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) TERRY EUGENE SEARS

Defendant(s) ** Additional Attachment

2. Court *(if federal court, name the district; if state court, name the county and State)* Pensacola Div., Panama City Div., Tampa Div., Miami Div., Fort Lauderdale Div., Fort Myers Div., State of Florida. U.S. District Court, Northern; U.S. District Court, Middle; U.S. District Court, Southern; U.S. Court of Appeals, 11th Circuit.

3. Docket or index number 5:02-CV-137,05-CV-200D, 5:02-CV-111, 5:02-CV-113, 5:02-CV-125, 2:15-mc-16 5:02-CV-143, 5:02-CV-148, 5:02-CV-165, 5:02-CV-251, 11-CV-02843, 5:02-CV-332, 3:12-CV-00247-LAC, 8:12-CV-00288-JMC, 9:09-CV-82394-KAM, 3:15-CV-00370-MCR, 2:16-CV-00611-JES, 2:15-mc-00014-JES

4. Name of Judge assigned to your case Adalberto Jordan, Kenneth A. Marra, Lacey A. Collier, Elizabeth A. Kovachevich, Virginia M. Covington, John E. Steele, Mac R. McCoy, SMN, M. Casey Rodgers, Robert Hinkle, Miles Davis,

5. Approximate date of filing lawsuit 6-20-02, 2-14-03, 7-17-03, 1-3-05, 11-9-09, 3-20-02, 3-27-02, 4-2-02, 6-12-02, 6-17-02, 6-31-12, 1-24-07, 12-29-11, 2-14-14, 8-20-15, 5-29-15, 7-1-16, N/A.

6. Is the case still pending?

☑ Yes  ...two (2) cases pending.

☐ No

NOTE: "I am unsure of any other prior cases I may have filed in State or Federal Court."

11

If no, give the approximate date of disposition. _5-18-03, 2-25-04, 8-20-04, N/A_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_Dismissed w/o prejudice; Dismissed for failure to exhaust remedies; Dismissed for want to prosecute; Dismissed for failure to state claim; Dismissed for want to prosecute; Dismissed As frivolous; Dismissed As malicious; Dismissed As frivolous._

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _Jan, 25_, 20_17_

Signature of Plaintiff _Terry E. Sears_

Printed Name of Plaintiff _Terry E. Sears_

Prison Identification # _B-08347_

Prison Address _Charlotte Correctional Institution_
_33123 Oil Well Road_

City _Punta Gorda_ State _FL_ Zip Code _33955_

### B. For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address                         _____

Telephone Number                _____

E-mail Address                  _____


Mr. Terry E. Sears #B-083117
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, FL 33955

USMS INSPECTED
BY ____

CLERK, UNITED STATES DISTRICT COURT
# Southern District #
400 North Miami Avenue
Miami, FL 33128-7716

LEGAL MAI

