UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14500-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

TERRY E. SEARS,

     Plaintiff,

v.

CAPTAIN DAVID THOMAS,
*et al.,*

     Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDITION [ECF No. 148]

### I. Introduction and Pertinent Procedural Background

Plaintiff, **Terry E. Sears,** filed this *pro se* civil rights Second Amended Complaint, pursuant to 42 U.S.C. § 1983, raising, in pertinent part, several Eighth Amendment claims against Defendants, Captain David Thomas ("Thomas"), Sergeant Aracelix Villalpando ("Villapando"), Officer Miguel Quinones ("Quinones"), and Sergeant Tonya Brown ("Brown") based on incidents occurring at the Okeechobee Correctional Institution ("Okeechobee CI") on August 7, 2015 and January 13, 2016. [ECF No. 19].

This case has been re-referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B),(C), and S.D. Fla. Admin. Order 2019-2.

After Plaintiff's Amended Complaint [ECF No. 19] was screened, pursuant to the Prison Litigation Reform Act ("PLRA"), claims against numerous prison officials at Okeechobee CI  were allowed to proceed. [ECF Nos. 21, 24, 42, 44]. After the close of discovery, the district court entered an Order granting the Defendants' motion for summary judgment on July 13, 2018. [ECF No. 105].

On appeal, the Eleventh Circuit found the district court erred in granting summary judgment in favor of the prison officials on Plaintiff's excessive force claim arising out of the August 2015 and January 2016 incidents. *Sears v. Warden, Okeechobee Corr. Inst.*, 762 F. App'x 910, 915 (11th Cir. 2019); [ECF No. 121]. However, the Eleventh Circuit affirmed the granting of summary judgment on Plaintiff's deliberate indifference claims. *Sears,* 762 F. App'x at 919, [*Id.*].

Following the appellate court's remand, the district court entered an order setting trial and pretrial deadlines, which were extended by order entered on February 3, 2020. [ECF Nos. 134, 142]. Trial is currently scheduled for March 3, 2020. [ECF No. 134].

Defendants have now filed a joint motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), arguing the court lacks subject matter jurisdiction over Plaintiff's excessive force claims because they are barred by the *Heck* doctrine. [ECF No. 148]. For the reasons discussed below, the Defendants' motion to dismiss should be DENIED.

## II. General Legal Principles

### A. Civil Rights Standard

To state a claim under 42 U.S.C. §1983, Plaintiff must allege: (1) defendant(s) deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005). In addition, Plaintiff must further allege and establish an affirmative causal connection between the Defendant's conduct and the constitutional deprivation. *Marsh v. Butler County,* 268 F.3d 1014, 1039 (11th Cir. 2001).

### B. Rules Governing Motion to Dismiss

Federal Rule Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides for dismissal of a complaint if the court lacks subject matter jurisdiction. A motion to dismiss should be construed in the light most favorable to the non-movant. *See Cole v. United States,* 755 F.2d 873, 878 n.13 (11th Cir. 1985).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a "facial attack" or a "factual attack." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009)(citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "A 'facial attack' on the complaint require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir. 2007)(quotation marks and citations omitted). A "factual attack" challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and considers "matters outside of the pleadings, such as testimony and affidavits." *McElmurray,* 501 F.3d at 1251 (quotation marks and citations omitted).

While facial validity looks only to the allegations in the complaint, in contrast, as is the case here, a factual attack challenges the existence of subject matter jurisdiction, i.e.--the court's power to hear the case.

### III. Relevant Facts Re Amended Complaint-DE#19

In his Amended Complaint, the Plaintiff sues Thomas, Villalpando, Quinones, and Brown (jointly, "the Defendants") on Eighth Amendment claims based on incidents occurring at Okeechobee CI on August 7, 2015 and January 13, 2016. [ECF No. 19].

August 7, 2015 Incident. While housed at Okeechobee CI, on August 7, 2015, Plaintiff alleged he was assaulted by officials, while he was handcuffed and/or otherwise restrained. [ECF No. 19 at 7-9]. Plaintiff maintains the officials punched him in the face, broke his eyeglasses, slammed him onto the ground, and kicked him twice. [ECF No. 19 at 7-9]. Plaintiff alleged **Villalpando** called him a "nigger" and kneed him twice in the back. [*Id.*]. He also alleged **Villalpando** failed to intervene and stood by while other officers, including **Thomas,** arrived and used excessive force for twenty-three minutes while Plaintiff was restrained in handcuffs. [*Id.* at 9, 14]. He maintains **Villalpando** failed to take any steps to prevent others from physically assaulting him, which resulted in bruised ribs and skinned knees. [*Id.* at 7-9, 16].

According to the Plaintiff, after **Thomas** ordered another officer not to videotape, **Thomas** and **Quinones** used excessive force, employing a "take down technique," while Plaintiff was handcuffed, causing him to suffer excruciating pain to his previously injured shoulder. [*Id.* at 9-10, 18]. He claims **Thomas, Brown, and Villalpando** failed to intervene while he was being assaulted by other officials. [*Id.* at 14, 18, 21].

January 13, 2016 Incident. After the August 2015 incident, Plaintiff alleges on January 13, 2016 at 1:35 p.m. **Brown** handcuffed Plaintiff and called for assistance. [ECF No. 19 at 9]. Plaintiff alleges **Thomas and Quinones** responded,

and "maliciously and sadistically" used excessive force on him while he was handcuffed. [*Id.* at 9]. Plaintiff alleged **Thomas and Quinones** employed a "take-down technique," in which they "hooked their arms" under Plaintiff's arms, lifting him up and flipping him over onto the pavement, causing excruciating pain to Plaintiff's previously injured shoulder. [*Id.* at 8]. As a result, Plaintiff alleged he suffered "bruised shoulders," "sprained rotary cups," "scratches," and "abrasions." [*Id.*].

He maintains **Thomas and Quinones** used excessive force a second time, dragging him for approximately sixty-five meters, for over twenty-three minutes, causing him extreme pain, and exposing his "nude genitals and buttocks. [*Id.* at 10, 14].

He further alleged **Brown** applied unnecessary force, tightening the handcuffs and then pulled his arms apart causing the handcuffs to cut into his skin. [*Id.* at 9, 20]. He also alleged **Brown** stood by watching, failing to intervene as **Thomas** and **Quinones** used unlawful force. [*Id.* at 10]. He was eventually examined and it was determined that he suffered "bruised ribs" and "sprained rotary cups." [*Id.*].

## IV. Defendants' Argument and Evidence

Defendants argue that Plaintiff's Eighth Amendment claims are *Heck*-barred because there were disciplinary judgments of guilt arising from the August 7, 2015

and January 13, 2016 incidents. [ECF No. 148 at 10-14; Ex. A at 16-29]. Defendants argue that the factual allegations raised in this action are inconsistent with the findings of the disciplinary team. [ECF No. 148 at 10].

Pursuant to Florida Administrative Code § 33-601.38, if an inmate is found guilty by the disciplinary team, he shall be placed "in disciplinary confinement for a period of time not to exceed the maximum penalty for the violation as found in Rule 33-601.314, F.A.C." F.A.C. 33-601.308(4)(l).

### A. August 7, 2015 Incident

Defendants have provided copies of the Incident and Disciplinary Reports for the August 7, 2015 unlawful use of force complained of by Plaintiff. [ECF No. 148 at Ex. A at 16; ECF No. 148 at Ex. B at 21]. The Incident Report dated August 7, 2015, reported and signed by **Thomas**, details that on August 7, 2015, at approximately 12:30 p.m., while assigned as B-Shift Supervisor, **Villalpando** explained that Plaintiff "had disobeyed her verbal orders and was being argumentative." [ECF No. 148 at Ex. B at 21].

**Thomas** recalled Plaintiff interrupted **Villalpando**, stating, "'Man I have a deadline, You can't stop me." [*Id.*]. **Villalpando** ordered Plaintiff to be quiet, but he again interrupted, stating "What is your fucking problem." [*Id.*]. **Thomas** then ordered Plaintiff to be quiet, but he continued being argumentative, stating he needed to get to the law library. [*Id.*]. **Thomas** took over escorting Plaintiff. [*Id.*].

During the escort, Plaintiff again became "belligerent," stating, "You just gonna lock me up over that bitch." [*Id.*]. **Thomas** ordered Plaintiff to be quiet, but Plaintiff ignored the directive, and instead started yelling and tried to attract the attention of other inmates. [*Id.* at 21-22]. **Villalpando,** hearing this, responded to assist with the escort. [*Id.* at 22].

In medical, Plaintiff called **Villalpando** a "Mexican whore, a Fucking Immigrant," and referred to **Thomas** as a "Racist Redneck Motherfucker." [*Id.*]. **Thomas** continued trying to "deescalate" Plaintiff unsuccessfully. [*Id.*]. Wisener, assigned to the infirmary, heard the yelling and responded to the front medical examination room where Nurse Sapp was attempting to conduct a pre-confinement physical. [*Id.*].

According to **Thomas,** although Plaintiff alleged that he had pushed and slammed his face into the wall, Nurse Sapp noted "no injuries or marks." [*Id.*]. After the examination was completed, **Thomas and Villalpando** escorted Plaintiff to B-Dorm confinement. [*Id.*]. When they reached the back gate and Plaintiff went through it, he threw himself to the ground, yelling "Yeah Redneck bastard I'm gonna get own (sic) you now." [*Id.*]. Plaintiff was ordered to stand, but responded "Carry Me Motherfucker." [*Id.*]. **Thomas** called for a hand-held video camera and prepared for a possible use of force to either carry or utilize chemical agents to gain Plaintiff's compliance. [*Id.*]. Dominguez-Urea arrived and initiated the

camera, at which time Plaintiff got up and a "modified escort" was utilized in case Plaintiff threw himself on the ground again. [*Id.*]. Once in confinement, **Thomas** alleged Plaintiff again became belligerent, disobeying verbal orders. [*Id.*]. Another physical assessment was conducted by Nurse Sapp because Plaintiff had alleged that **Thomas** had struck him. [*Id.*]. **Thomas** states the medical assessment found no injuries noted. [*Id.*].

The Florida Department of Corrections ("FDOC") Disciplinary Report dated August 7, 2015, assigned Log #404-150932, charged Plaintiff with disrespect to officials, a violation of code 1-4, and found him guilty, basing its decision, as follows:

> TEAM FINDS INMATE SEARS, TERRY DC# 083117 GUILTY BASED ON THE WRITTEN STATEMENT IN THE STATEMENT OF FACTS AND THE DIRECT OBSERVATION OF SGT A VILLALPANDO WHO ESCORTING I/M SEARS FROM MEDICAL TO "B" DORM WITH CAPT. THOMAS. I/M SEARS STATED TO HER "ALL THIS IS YOUR FAULT YOU DUMB MEXICAN WHORE." I/M CALLED FOR THE TAPE FROM "B" DORM WING ONE AND SAID IT WOULD SHOW HIM RECEIVING AN EXAM FROM NURSE SAPP FOR A USE OF FORCE. THE TAPE IN QUESTION WAS REVIEWED AND IT SHOWS NURSE SAPP PERFORMING A USE OF FORCE EXAM ON THE INMATE. NO INJURIES WERE VISUALIZED AT THE TIME HE WAS ASSCESSED [SIC]. ALL WITNESS STATEMENTS AND EVIDENCE WAS CONSIDERED. AC TIME WAS CONSIDERED BUT NOT AWARDED.

[ECF No. 148 at Ex. A at 16]. Although he was not placed in administrative confinement ("AC"), it appears that a thirty-day disciplinary confinement was

imposed as a result of the infraction. [*Id.*]. Although there is a reference in the report that "no injuries were visualized," this notation does not necessarily negate Plaintiff's Eighth Amendment claims.

Plaintiff's administrative remedy and appeal were denied on the finding that "Villalpando attests to the fact that the facts she submitted in disciplinary report 404-150932, for the charge of 1-4, DISRESPECT TO OFFICIALS. . . are true and correct." [ECF No. 148 at Ex. C at 25].

### B. January 13, 2016 Incident

Defendants have also provided the Incident Report dated January 20, 2016, regarding an incident occurring on January 13, 2016. [ECF No. 148 at Ex. B at 23]. The Incident Report details that on January 13, 2016, at approximately 1330 hours, Plaintiff alleged he was placed in restraints and escorted by **Thomas** and an "unknown white male, slightly bow legged, Sergeant," at which time they hooked their arms under his and flipped him onto the ground. [*Id.*].

Reporting Officer P. McGee narrates that Plaintiff claimed he shouted his shoulders hurt, was nearly dragged to center gate, and alleged **Thomas** pulled his pants down, exposing his butt. [*Id.*]. **Anderson** responded, stating that he viewed the escort as did several staff and administration members. [*Id.*]. **Anderson** denies Plaintiff was flipped to the ground or dragged, and denied Plaintiff' pants were pulled down to expose any of his person. [*Id.*]. **Anderson** also stated that "no force

was utilized at any time." [*Id.*]. Because of Plaintiff's "argumentative behavior" and "physical resistance to lawful commands," a "modified escort" was utilized to transport Plaintiff to medical. [*Id.*].

The Defendants also provided an FDOC January 13, 2016 Disciplinary Report, Log # 404-160044, charging Plaintiff with disobeying an order, and finding him guilty, on the following basis:

> TEAM FINDS I/M SEARS, TERRY DC# 083117 GUILTY BASED ON THE WRITTEN STATEMENT IN THE STATEMENT OF FACTS AND THE DIRECT OBSERVATIONS OF SGT. T. BROWN WHO WAS SUPERVISING INMATE MOVEMENT DURING THE AFTERNOON MEAL NEAR CANTEEN #2. SHE OBSERVED I/M SEARS DEPARTING THE EAST SIDE OF THE COMPOUND HEADING TO THE WEST SIDE AND ORDERED HIM TO STOP SEVERAL TIMES. I/M SEARS DID NOT STOP AND KEPT WALKING UNTIL HE REACHED "F" DORM. SGT. BROWN WALKED TO HIS LOCATION AND QUESTIONED HIM AS TO WHY HE DID NOT STOP. INMATE WAS ORDERED TO SUBMIT TO HAND RESTRAINTS. ALL WITNESS STATEMENTS AND EVIDENCE WAS CONSIDERED. AC TIME WAS CONSIDERED BUT NOT AWARDED.

[ECF No. 148 at Ex. A at 18].

On January 13, 2016, Plaintiff was also given a second FDOC Disciplinary Report, Log # 404-160046, which charged him with speaking threats to prison officials. [ECF No. 148 at Ex. A at 19]. He was found guilty of the infraction, on the following finding:

> TEAM FINDS I/M SEARS, TERRY DC# 083117 GUILTY BASED ON THE WRITTEN STATEMENT IN THE STATEMENT OF FACTS AND THE DIRECT OBSERVATIONS OF CPT. THOMAS

> WHO WAS RESPONDED TO SGT. T. BROWN['JS CALL FOR
> ASSISTANCE NEAR "F" DORM. WHEN HE ARRIVED I/M
> SEARS WAS IN RESTRAINTS AND WAS BEING
> ARGUMENTATIVE WITH SGT. BROWN AND CPT. THOMAS.
> I/M SEARS WAS USING PROFANITY TOWARDS THE
> OFFICERS. MORE ASSISTANCE WAS CALLED FOR TO
> ESCORT THE I/M. OFF. QUIONES [SIC] RESPONDED AND HE
> AND CPT. THOMAS BEGAN THE ESCORT. I/M SEARS
> STATED TO CPT. THOMAS "YOU JUST GONNA LOCK ME UP
> PUSSY BOY, I GOT YOU, YOU GONNA GET STUCK
> TOMORROW COME TO WORK AND SEE[.]" ALL WITNESS
> STATEMENT AND EVIDENCE WAS CONSIDERED. AC TIME
> WA CONSIDERED BUT NOT AWARDED.

[ECF No. 148 at Ex. A at 19].

A third FDOC Disciplinary Report, Log # 404-160047, was issued that same

date charging Plaintiff with disorderly conduct. [ECF No. 148 at Ex. A at 20]. The

Plaintiff was found guilty, on the following basis:

> TEAM FINDS I/M SEARS, TERRY DC# 083117 GUILTY BASED
> ON THE WRITTEN STATEMENT IN THE STATEMENT OF
> FACTS AND THE DIRECT OBSERVATIONS OF CPT. THOMAS
> WHO RESPONDED TO F-DORM WHERE I/M SEARS WAS IN
> HAND RESTRAINTS WITH SGT. BROWN. CPT. THOMAS WAS
> ESCORTING I/M SEARS WITH OFF. QUIONES [SIC] AND I/M
> SEARS WAS ARGUMENTATIVE AND USING PROFANITY
> TOWARDS THE OFFICERS. I/M SEARS WAS BELLIGERANT
> AND PULLED FROM THEIR ESCORT. HIS ACTIONS
> DISRUPTED THE NORMAL OPERATION OF FEEDING THE
> AFTERNOON MEAL.
>
> ALL WITNESS STATEMENTS AND EVIDENCE WAS
> CONSIDERED. AC TIME WAS CONSIDERED AND I/M WAS
> AWARDED 8 DAYS OF ACT TIME.

[ECF No. 148 at Ex. A at 20].

## V. Discussion

Defendants lodge a factual attack to the existence of subject matter jurisdiction arguing that the court lacks subject matter jurisdiction to hear this case as Plaintiff's claims are *Heck*-barred,[1] because his version of the facts, as alleged, are contradicted by the disciplinary judgments for which he suffered a loss of gain time. [ECF No. 148].

In *Heck,* the Supreme Court of the United States held, in pertinent part, that a § 1983 claim is barred and cannot "be brought by a prisoner for damages if the adjudication of the civil action in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Morrow v. Fed. Bureau of Prisons,* 610 F.3d 1271, 1272 (11th Cir. 2010); *Heck,* 512 U.S. at 486-87 (internal citation and footnote omitted); *Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997).

The *Heck*-bar has been extended to § 1983 complaints filed by prisoners seeking a judgment at odds with disciplinary proceedings resulting in the loss of good-time credits. *See Muhammad v. Close,* 540 U.S. 749, 754-55 (2004); *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)(citations omitted)(finding action not *Heck*-barred, where success of § 1983 action did not result in his immediate release from confinement or a shorter stay in prison, but meant, at most, a new parole eligibility review); *Roberts v. Wilson,* 259 F. App'x 226, 228 (11th Cir.

---

[1] *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

2007)(per curiam)(discussing *Heck, Balisok,* and their progeny in the context of a Florida prisoner's claim challenging disciplinary proceedings resulting in a finding of guilty).

In order to determine whether a claim is *Heck*-barred, courts "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Hughes v. Lott,* 350 F.3d 1157, 1160 n.2 (11th Cir. 2003); *Dyer v. Lee,* 488 F.3d 876, 878-80 (11th Cir. 2007)(explaining that application of *Heck* turns on whether "there would still exist a construction of facts that would allow the underlying conviction to stand."). The *Heck* inquiry is necessarily fact intensive, and must be conducted on a case-by-case basis. *Dyer,* 488 F.3d at 883 (finding plaintiff's excessive force claim not *Heck*-barred by plaintiff's conviction for resisting arrest with violence because, based on facts in record, a reasonably jury could find not all of plaintiff's violent acts were justified as self-defense).

A court must determine whether there exists some facts under which a successful § 1983 suit and the criminal conviction, or as is the case here, the disciplinary conviction, can both stand. *Dyer,* 488 F.3d at 879-80. If the factual allegations in the complaint are inconsistent with the facts upon which his prior conviction were based, *Heck* will bar the § 1983 claims. *Dyer,* 488 F.3d at 883 n.9 (citing *McMcann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006)). Also, the *Heck* bar

will apply if the facts upon which the § 1983 claims are based are interrelated with the facts underlying the prior conviction. *Dyer,* 488 F.3d at 880; *Thore v. Howe,* 466 F.3d 173, 180 (1st Cir. 2006)(finding excessive force claim and conviction may be so interrelated factually as to bar the § 1983 claim).

However, "[a]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer,* 488 F.3d at 879-80; *Davis v. Hodges,* 481 F. App'x 553, 554 (11th Cir. Jul. 13, 2012)(per curiam). Thus, the application of *Heck* depends on the nature of the disciplinary action, the sentence imposed, and the plaintiff's allegations. *Id.*

Plaintiff is seeking compensatory and punitive damages arising from the Defendants' Eighth Amendment violations. [ECF No. 19 at 24]. He does not seek expungement of the disciplinary reports, nor the restoration of his gain time in relation to the August 7, 2015 and January 13, 2016 incidents. [*Id.*].

This case is similar to *Dyer,* where the Eleventh Circuit reversed the grant of summary judgment based on *Heck,* finding that *Heck* did not preclude the plaintiff's claims of excessive use of force during her arrest because the claim "would not necessarily make Dyer's arrest unlawful, particularly for the DUI and battery charges." *Dyer,* 488 F.3d at 879. The Eleventh Circuit noted that "a successful § 1983 claim against an arresting officer for using excessive force does not necessarily negate an element of the underlying charge of resisting arrest with

- 15 -

violence. . .." *Dyer,* 488 F.3d at 870. In *Dyer,* the defendants argued that plaintiff's guilty plea to resisting arrest with violence prevented her from later alleging her resistance was justified. *Id.* The Eleventh Circuit rejected the defendants' argument, noting that *Heck's* "logical necessity" was absent because there still existed "a construction of the facts that would allow the underlying conviction to stand." *Dyer,* 488 F.3d at 879-80.

Further, in *Wells v. Cramer,* 158 F. App'x 203 (11th Cir. 2006), the plaintiff alleged that officers assaulted him after his arrest. The Eleventh Circuit held that "to the extent the plaintiff's complaint alleged an excessive use of force after he was arrested, restrained, and posed no threat to the defendant officers, his § 1983 action, if successful, would not necessarily imply the invalidity of his underlying conviction and is not *Heck*-barred." *Wells,* 158 F. App'x at 204.

As applied, the Plaintiff's Eighth Amendment claims are not *Heck*-barred because a ruling in his favor would not necessarily call into question the validity of the disciplinary convictions concerning disrespect to officials, disobeying order(s), and spoken threats. The success of his Eighth Amendment claims are not necessarily dependent upon whether Plaintiff disobeyed orders, used threatening language towards officials, or engaged in disorderly conduct. The disciplinary findings of guilt relating to the August 2015 and January 2016 incidents establish what he did. However, that factual finding is not "determinative" of whether the

Defendants used excessive and unlawful force against Plaintiff. *See Dixon v. Hodges,* 887 F.3d 1235, 1239-40 (11th Cir. 2018)(per curiam)(finding that *Heck* does not bar excessive force suit even though there was a disciplinary judgment finding prisoner guilty of battery on a prison guard resulting in the loss of gain time).

It is possible that Plaintiff, while handcuffed at the time of the complained of incidents, disobeyed orders, spoke in a threatening manner to officials, and engaged in disorderly conduct, yet was the victim of excessive use of force against him. As in *Dixon, Heck* does not control because "there is a version of the facts which would allow the [punishment(s)] to stand" alongside Plaintiff's successful Eighth Amendment claims against the Defendants. *Dixon,* 887 F.3d at 1240 (quoting *Dyer,* 488 F.3d at 879).

The Eleventh Circuit has made clear that the same facts underlying a disciplinary judgment can also give rise to a § 1983 claim without implicating *Heck. Dyer,* 488 F.3d at 879-80; *Muhammad,* 540 U.S. at 754. Even "when a plaintiff alleges a fact that, if true, would conflict with the earlier punishment, but that fact is not necessary to the success of his § 1983 suit, the *Heck* bar does not apply." *Dixon,* 887 F.3d at 1239. Plaintiff's claim of unlawful use of force does not necessarily call into question the disciplinary finding that he disrespected officials, disobeyed orders, and used threatening language to officials. Plaintiff alleges that

- 17 -

the excessive use of force employed by the Defendants was unnecessary and was done maliciously and sadistically to cause harm, and some of the officials either participated in the use of force or stood by failing to intervene.

It cannot be said that Plaintiff's allegations here would necessarily invalidate the revocation of his good-time credits. *Muhammad,* 540 U.S. at 754-55; *Davis,* 481 F. App'x at 555. *Heck* only applies if a prisoner's § 1983 claim would necessarily affect the fact or duration of his disciplinary confinement and the prisoner seeks either immediate release or a shortening of the confinement, neither of which is present here. *See Wilkinson v. Dotson,* 544 U.S. at 81-82; *Muhammad,* 540 U.S. at 754; *Dyer,* 488 F.3d at 879-80; *Davis v. Hodges,* 481 F. App'x at 555 (citing *Muhammad,* 540 U.S. at 754-55). Here, Plaintiff could prevail on his § 1983 claim by proving the Defendants used gratuitous force against him, while he was handcuffed and not resisting. Because success of his Eighth Amendment claims do not depend on a determination that the disciplinary findings were wrong, *Heck does* not apply. *Dixon,* 887 F.3d at 1238; *Dyer,* 488 F.3d at 883. Thus, the Defendants' motion to dismiss should be DENIED.

## VI. Recommendations

Based upon all of the foregoing, the undersigned recommends that the Defendants' motion to dismiss [ECF No. 148] be DENIED, and the case proceed to trial, as scheduled.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendations and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 14th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Terry E. Sears, *Pro Se*
      DC#B-083117
      Taylor Correctional Institution
      Inmate Mail/Parcels
      8501 Hampton Springs Road
      Perry, FL 32348

      Robert Edward Gregg, Ass't Att'y Gen.
      110 SE 6th Street, 10th Floor
      Fort Lauderdale, FL 33301
      Email: robert.gregg@myfloridalegal.com